Filed 10/8/25  P. v. Delgado CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE DANIEL DELGADO,<br><br>    Defendant and Appellant. | D085211<br><br><br>(Super. Ct. No. SCD302023) |


APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Jose Daniel Delgado's appellate counsel has filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has not been able to identify any arguable issues for reversal on appeal.  Counsel identifies four

potential issues under *Anders v. California* (1967) 386 U.S. 738, 744-745 (*Anders*) and asks this court to review the record for error as mandated by *Wende.*

We offered Delgado the opportunity to file his own brief on appeal, but he did not do so. Our independent review confirms there are no arguable issues on appeal. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Delgado of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1); count 1) and battery (§ 242; count 4). It found him not guilty of exhibiting a deadly weapon other than a firearm. (§ 417, subd. (a)(1).) The jury hung on an assault charge (§ 240; count 3), and the court declared a mistrial on that count. In bifurcated proceedings, the court found true as factors in aggravation that Delgado has had numerous and increasingly serious prior convictions (California Rules of Court, rule 4.421(b)(2)), and he has served a prior state prison or local prison term (California Rules of Court, rule 4.421(b)(3)).

The court sentenced Delgado to three years in state prison and imposed various fines and fees, which it stayed based on his inability to pay.

As stated, to assist the court in its review, and in compliance with *Anders, supra,* 386 U.S. 738, counsel has identified four possible issues that this court should consider in evaluating the potential merits of this appeal:

1)  Whether the court erred in denying Delgado's motion under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*);

2)  Whether the court erred in finding Delgado competent to stand trial;

---

[1] Undesignated statutory references are to the Penal Code.

3) Whether the court's admission into evidence of a description of Delgado's facial tattoos by a bystander who did not testify violated Delgado's confrontation rights under the federal Constitution; and

4) Whether the court should have excluded that bystander's out-of-court statements as impermissible hearsay.

We have reviewed the entire record as required under *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738 and considered the potential issues raised by appointed counsel. We conclude the court did not err by denying the *Marsden* motion, which Delgado brought on the day trial began; finding Delgado competent to stand trial; or admitting a bystander's description of Delgado's facial tattoos.

There are no other arguable issues that would result in a reversal or modification of the judgment. Competent counsel has represented Delgado on this appeal.

## DISPOSITION

The judgment is affirmed.


O'ROURKE, Acting P. J.

WE CONCUR:


IRION, J.


RUBIN, J.